■ GERALD KATZ, Individually and as a Partner of CHARLES PERRELLA RING COMPANY, Appellant-Respondent, v PHILOMENA PERRELLA et al., as Coexecutors of CHARLES R. PERRELLA, Deceased, et al., Respondents-Appellants. PHILOMENA PERRELLA et al., as Coexecutors of CHARLES R. PERRELLA, Deceased, Counterclaim-Plaintiffs, v GERALD KATZ, Individually and as a Partner of CHARLES PERRELLA RING COMPANY, et al., Counterclaim-Defendants. UNITED STATES LIFE INSURANCE COMPANY, Appellant. — Judgment of Supreme Court, New York County (M. Evans, J.), entered February 24, 1982, granting plaintiff recovery of $25,000, plus interest, as his share of the $50,000 market value of the trade name of the partnership; granting plaintiff recovery of $23,958, plus interest, as his half share of the rent of the partnership from May 1, 1978 to April 30, 1980; dismissing the remainder of this complaint including a claim for punitive damages; granting on defendants' counterclaim an accounting on undisposed partnership assets, without prejudice to application for appointment of a referee in the event of failure to agree on such an accounting; directing said accounting to consider the gold balance of $14,398.51 plaintiff owed the partnership as of December, 1977, based on a price of $600 per ounce, with credit to plaintiff for expenses in winding up the partnership; dismissing a counterclaim for $1 million damages for failure of proof; granting on defendants' counterclaim the property rights to the names Charles Perrella Ring Company and Charles Perrella, Inc.; dismissing a second consolidated action for conversion of a partnership sample goods line, while declaring that line to be a partnership asset for purposes of the accounting; ruling in a third consolidated action that the proceeds of two life insurance policies issued by United States Life Insurance Company on the life of the deceased partner Perrella belonged to plaintiff, and that the cash surrender value of two other policies issued by United States Life Insurance Company on plaintiff's life belonged to the estate of the deceased partner Perrella; dismissing a fourth consolidated action for specific performance of the partnership agreement; granting the corporate defendant, Charles Perrella, Inc., in a fifth consolidated action against the partnership, recovery of certain checks in the amount of

$15,800.97; and denying attorney's fees to United States Life Insurance Company unanimously modified, on the law and the facts, to the extent of remanding to refer the issue of the price of gold in December, 1977 for consideration at the accounting; to consider the application of United States Life Insurance Company for full release and discharge on the policies issued on the life of plaintiff, upon the company's payment of the cash surrender value on these policies into court; and to consider release and discharge of United States Life Insurance Company upon payment of the proceeds of 12 pension fund insurance policies to plaintiff, the surviving trustee of said plan, for distribution to the individual employees, and otherwise affirmed, without costs and without disbursements. Plaintiff and Charles R. Perrella were partners in the jewelry business, doing business as Charles Perrella Ring Company since 1962. In October, 1977, after a year of friction and negotiations, plaintiff and Perrella initialed a handwritten agreement on division of assets. Trial Term correctly ruled that this agreement effectively dissolved the partnership as of an agreed-upon closing date of November 1 of that year, although termination of the business would be delayed for some time thereafter pending resolution of details. No final resolution of these matters had been reached by the summer of 1979, when Charles Perrella died, leaving his estate in this consolidated action to take the position that the partnership had not yet been dissolved. With respect to the value of gold inventory in December, 1977, the only evidence in the record at trial is the testimony of Charles Perrella, Jr., on behalf of the estate, that the price of gold at that time was between $160 and $170 per ounce. There is no basis in the record for Trial Term's evaluation at $600 per ounce. The value of gold in December, 1977 is a matter which should be considered in the accounting which has already been directed for resolution of disagreement between the parties. With respect to the life insurance policies, the judgment at Trial Term directed that the clerk of Supreme Court, Rockland County, where this phase of the consolidated action was commenced, pay over the proceeds of four policies on the life of Charles Perrella, two (Nos. 559977, 532865) to plaintiff, and two (Nos. 6065686, 6071744) to the trustees of the Charles Perrella revocable trust. United States Life Insurance Company asks for a full release and discharge for any and all subsequent claims on these amounts, in conjunction with the clerk's release of these proceeds. The judgment further indicates that the cash surrender values of the two policies issued on the life of plaintiff (Nos. 559976, 532866), which Trial Term ruled belong to the estate of Charles Perrella, should be paid over to said estate by the clerk of Rockland County. United States Life Insurance Company informs us that the cash surrender on these policies — $5,798.84 on No. 559976 as of November 13, 1979, and $23,889.97 on No. 532866 as of November 10, 1979 — have not yet been paid in to the clerk at Rockland County. Rather, the company still holds these amounts, which it is ready and willing to pay to the Perrella estate, so long as the judgment is modified to reflect a full release and discharge for any and all subsequent claims on these amounts. In conjunction with their partnership, plaintiff and Charles Perrella had formed a corporation, known as P & K Jewelry Company, Inc., for the purpose of setting up a pension plan for their employees. United States Life Insurance Company issued 12 policies under this plan, covering five employees: Jay Katz (Nos. 595633, 6070228, 6071854), Gerald Katz (Nos. 6065657, 6071745, 581051, 549071), Charles M. Perrella, Jr. (Nos. 6071853, 6070227), Janice Weisberg (Nos. 534881, 580981) and Ishaiau Eisen (No. 724950). The disposition of the cash surrender values of these policies was not treated by Trial Term. It would appear that the appropriate payee of the proceeds of these policies, for distribution to the individual employees, would be plaintiff, as the surviving trustee of the

pension plan. We agree with all other factual determinations at Trial Term. Concur — Ross, J. P., Asch, Silverman, Bloom and Fein, JJ.